UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NOZADZE GIORGI,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1428

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11–12)

In an Order entered on May 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the April 2, 2026, bond hearing on May 6, 2026. (Resp., ECF No. 5; Recording of Bond Hearing, filed on May 5, 2026.) Petitioner filed his reply on May 11, 2026. (ECF No. 6.)

**II.      Relevant Factual Background**

Petitioner is a citizen of Georgia who entered the United States in 2022. (Pet., ECF No. 1, PageID.3, 6.) On February 25, 2025, Petitioner was arrested by ICE. (*Id.*)

On March 16, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Nozadze v. Raycraft*, No. 1:26-cv-852 (W.D. Mich.). In *Nozadze*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Nozadze*, (W.D. Mich. Mar. 30, 2026), (ECF Nos. 7, 8).

On April 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 1-1, PageID.14.) At the conclusion of that, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Based on this record, the Court finds that the Respondent is a flight risk and that no monetary amount will mitigate the risk of flight. In the alternative, the Court finds the bond record demonstrates the Respondent is a danger to the community." (*Id.*)

**III.     Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*,

No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:       May 19, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge

3